JEREMY FACIANE AND FAITH FACIANE

VERSUS

MORTEZA SHAMSNIA, M.D., ET AL.

NO. 25-C-352

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

August 09, 2025

Linda Tran
First Deputy Clerk

**IN RE** UNITED EDUCATORS INSURANCE, A RECIPROCAL RISK RETENTION GROUP

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NANCY A. MILLER, DIVISION "I", NUMBER 756-172

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, Marc E. Johnson, Scott U. Schlegel, and Timothy S. Marcel

## WRIT GRANTED; RULINGS REVERSED; MATTER REMANDED; STAY DENIED

Relator, United Educators Insurance, A Reciprocal Risk Retention Group ("United"), seeks review of the trial court's July 31, 2025 ruling that partially granted a joint motion *in limine* filed by plaintiffs, Ashleigh Holloway and Faith Faciane, individually and on behalf of her minor son, Jeremy Faciane, and the trial court's August 5, 2025 ruling that denied relator's motion for partial reconsideration of the July 31, 2025 ruling and denied relator's motion to stay. In their motion,[1] plaintiffs sought the exclusion of reference at trial or the listing on the jury interrogatory form of the Greater New Orleans Expressway Commission ("GNO") or any other third party. Plaintiffs argued that United has produced no evidence of fault of any other party than those named in the lawsuits; thus, United

_____

[1] Plaintiffs raised other evidentiary issues in their motion. However, those issues are not the subject of the instant writ application and will not be addressed.

25-C-352

should not be allowed to argue to the jury and/or make any reference at trial regarding the fault of a third party.

In opposition, United argued that the fault of GNO is relevant to the matter and should referenced to the jury and included on the jury verdict form. It averred that the blow-out Ms. Holloway's vehicle experienced on the Causeway Bridge placed its occupants in a far more dangerous position than the scenario of where she could have moved her vehicle onto a suitable shoulder. It contended GNO has the relevant duties in connection with the maintenance, operation, and safety of the Causeway Bridge and should be subject to Louisiana's assumption of duty doctrine. As such, United asserted that GNO should be apportioned fault in this matter.

Louisiana law mandates that a defendant assert its affirmative defenses, including the affirmative defense of the fault of others, in its answer. *Amedee v. Aimbridge Hosp. LLC*, 21-01906 (La. 10/21/22), 351 So.3d 321, 332. La. C.C. art. 2323(A) provides that in an action for damages where a person suffers injury, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty.

Upon review, we conclude that the trial court erred in granting plaintiffs' Motion *in Limine*. It is undisputed that defendant pled the affirmative defense of third-party fault in its answer. The proper procedural vehicle for challenging a timely-asserted affirmative defense is a motion for summary judgment, rather than a motion *in limine*. *See Robinette v. Lafon Nursing Facility of the Holy Family*, 15-1363 (La. App. 4 Cir. 6/22/17), 223 So.3d 68, 75. Accordingly, we grant this writ application and reverse the trial court's July 31, 2025 and August 5, 2025 rulings on plaintiffs' Motion *in Limine*.

2

The matter is remanded to the trial court for further proceedings.  Relator's request for a stay is denied.

Gretna, Louisiana, this 9th day of August, 2025.

**JGG**
**FHW**
**SUS**

JEREMY FACIANE AND FAITH FACIANE

VERSUS

MORTEZA SHAMSNIA, M.D., ET AL.

NO. 25-C-352

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**JOHNSON, J., DISSENTS, IN PART, WITH REASONS**

I, respectfully, dissent, in part, from the majority disposition in this matter. Here, the trial court granted Plaintiffs' motion *in limine* as to the allocation of fault for GNO. In its written reasons for denying reconsideration, the trial court stated that no third-party demand has been brought against GNO, and that defense was unpursued in discovery. It further stated that United has not designated an expert witness to testify as to negligent design, and United has not presented any documentary evidence addressing that point.

A trial court is afforded broad discretion in its consideration of evidentiary matters, including motions *in limine*, which are not to be disturbed on review absent a clear abuse of that discretion. *George v. Progressive Waste Solutions, of La., Inc.*, 22-1068 (La. 12/9/22), 355 So.3d 583.

After review, I find that the trial court partially erred in granting Plaintiffs' motion *in limine*. I find that the trial court erred in excluding allocation of third-party fault from the jury verdict form.[2] While the trial court cannot exclude the allocation of fault of a non-party on the jury verdict form for this matter, I opine that United has failed to show that it will present any evidence of its defense that GNO may be at fault at trial. None of the reports or other documentary evidence presented insinuate that fault for the accident that occurred on the Causeway Bridge was due

---

[2] La. C.C. art. 2323(A) provides, in pertinent part, "In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty…."

25-C-352

to negligent design. The record before us does not contain any deposition testimony that the accident was caused by negligent design. Although United argues to this Court that the exclusion of any reference to third-party fault deprives it from presenting a defense, ultimately, United has failed to show how it would present admissible evidence to support its defense that GNO is at fault in this matter. Therefore, I further find that the trial court did not err in excluding references to GNO's fault at trial.

Accordingly, I would grant the writ, in part, and deny it, in part.

**MEJ**

JEREMY FACIANE AND FAITH FACIANE                    NO. 25-C-352

VERSUS                                              FIFTH CIRCUIT

MORTEZA SHAMSNIA, M.D., ET AL.                      COURT OF APPEAL

                                                    STATE OF LOUISIANA


**MARCEL, J., CONCURS IN PART, DISSENTS IN PART**

In this case arising from a 2015 automobile rear-end collision on the Causeway Bridge over Lake Ponchartrain, defendant United Educator's Insurance seeks supervisory review of the trial court's July 31, 2025 ruling that partially granted a joint motion in limine filed by plaintiffs, Ashleigh Holloway and Faith Faciane, individually and on behalf of her minor son, Jeremy Faciane.

Upon review of the writ application and the judgments contained therein, I find that the trial court erred in excluding allocation of third-party fault from the jury verdict form. The appropriate procedural mechanism for dismissing an affirmative defense is a motion for summary judgment, which has not been filed here. To the extent the trial judge granted the motion in limine on the basis of an Article 966 'absence of evidence' analysis, such a determination constitutes legal error.

Nevertheless, the trial court is afforded broad discretion in its consideration of evidentiary matters, including motions in limine, which are not to be disturbed on review absent a clear abuse of that discretion. *George v. Progressive Waste Solutions, of La., Inc.*, 22-1068 (La. 12/9/22), 355 So.3d 583. While it is not within the judge's discretion to exclude all argument or mention of defendant's affirmative defense of third-party fault since that defense has not been appropriately dismissed, it is within the judge's discretion to not allow defendant to introduce evidence or testimony relating to that affirmative defense that has not

25-C-352

been produced in accordance with the court's pre-trial order. The jury as fact-finder will weigh the evidence presented in its allocation of fault.

Accordingly, I find this writ should be granted in part to reverse only that portion of the July 31, 2025 judgment that grants plaintiffs' motion in limine to exclude the Causeway Commission from the jury verdict form. In all other respects, this writ should be denied.

**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/09/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-352**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Nancy A. Miller (DISTRICT JUDGE)
George D. Fagan (Relator)
Neal J. Favret (Respondent)
Leila A. D'Aquin (Relator)

### MAILED

Karen E. Futch (Relator)
Jessica A. Longacre (Relator)
Attorney at Law
1100 Poydras Street
Suite 1700
New Orleans, LA 70163

Angela C. Imbornone (Respondent)
Attorney at Law
1515 Poydras Street
Suite 1400
New Orleans, LA 70112

Dean J. Favret (Respondent)
Attorney at Law
1555 Poydras Street
Suite 1600
New Orleans, LA 70112

# CERTIFIED MAIL™ RECEIPT
**(Domestic Mail Only; No Insurance Coverage Provided)**

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |

Postmark Here

7012 1010 0003 7112 5508

T Angela C. Imbornone
Se Attorney at Law
1515 Poydras Street
Sir Suite 1400
or New Orleans, LA 70112
Cit 25-C-352          08-11-25

PS Form 3800, August 2006          See Reverse for Instructions

---

## SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Angela C. Imbornone
Attorney at Law
1515 Poydras Street
Suite 1400
New Orleans, LA 70112
25-C-352          08-11-25

9590 9402 2434 6249 3642 98

2. Article Number *(Transfer from service label)*

7012 1010 0003 7112 5508

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

## U.S. Postal Service™
# CERTIFIED MAIL™ RECEIPT
**(Domestic Mail Only; No Insurance Coverage Provided)**

For delivery information visit our website at www.usps.com®

7012 1010 0003 7112 5492

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |

Postmark Here

Karen E. Futch
Attorney at Law
1100 Poydras Street
Suite 1700
New Orleans, LA 70163
25-C-352          08-11-25

PS Form 3800, August 2006          See Reverse for Instructions

---

## SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Karen E. Futch
Attorney at Law
1100 Poydras Street
Suite 1700
New Orleans, LA 70163
25-C-352          08-11-25

9590 9402 2434 6249 3581 50

2. Article Number *(Transfer from service label)*

7012 1010 0003 7112 5492

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Angela C. Imbornone
Attorney at Law
1515 Poydras Street
Suite 1400
New Orleans, LA 70112
25-C-352                    08-11-25

9590 9402 2434 6249 3642 98

2. Article Number *(Transfer from service label)*

7012 1010 0003 7112 5508

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X K. Gervais
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*       C. Date of Delivery
Kristen Gervais   8·19·25

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

SECURITY

3.
☐ Certified Mail
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dean J. Favret
Attorney at Law
1555 Poydras Street
Suite 1600
New Orleans, LA 70112
25-C-352                    08-11-25

9590 9402 2434 6249 3581 43

2. Article Number *(Transfer from service label)*

7012 1010 0003 7112 5515

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X K Gervais
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*       C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

SECURITY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt